UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CLARISSA COFFEY, individually and on
behalf of all similarly situated persons                                    PLAINTIFF

No. 2:21-cv-02200

O.K. FOODS, INC.                                                          DEFENDANT

## OPINION AND ORDER

Before the Court are the parties' joint motion for protective order (Doc. 73) and proposed

protective order (Doc. 73-1). The parties seek protection of trade secrets, confidential business

information, and highly sensitive personal information. For the reasons set forth below, the Court

will GRANT the motion and enter a revised protective order.

Federal Rule of Civil Procedure 26(c)(1)(G) provides that "[t]he court may, for good cause,

issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue

burden or expense" by "requiring that a trade secret or other confidential research, development

or commercial information not be revealed or be revealed only in a specific way."  "The burden is

therefore upon the movant to show the necessity of its issuance, which contemplates 'a particular

and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'"

*Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (quoting Wright &

Miller, *Federal Practice and Procedure: Civil* § 2035 at 264–65).

The parties have shown good cause for the entry of a protective order as to documents

containing confidential or proprietary information.   Trade secrets and other confidential

commercial information fall squarely within the ambit of Rule 26(c).  "Where discovery of

confidential commercial information is involved, the court must 'balance the risk of disclosure to

competitors against the risk that a protective order will impair prosecution or defense of the

claims.'" *Bussing v. COR Clearing, LLC*, No. 12CV238, 2015 WL 4077993, at *2 (D. Neb. July 6, 2015) (quoting *Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*, 242 F.R.D. 552, 555 (C.D. Cal. 2007)). Here, entry of a protective order will impair neither the prosecution nor the defense of the claims because the parties agreed to the proposed protective order. The Court finds that the parties have shown good cause for the entry of a protective order regarding documents containing trade secrets or other confidential commercial information as listed in paragraph 1 of the proposed protective order.

The proposed protective order also includes "[h]ighly sensitive personal information or information such as accounts, tax returns, tax identification numbers, social security numbers, or the like information relating to personnel matters." (Doc. 73-1, p. 2). Courts routinely protect similar information in employee personnel files. *See Kampfe v. Petsmart, Inc.*, 304 F.R.D. 554, 559 (N.D. Iowa 2015); *see also Nuckles v. Wal-Mart Stores, Inc.*, No. 06CV00178, 2007 WL 1381651, at *1 (E.D. Ark. May 10, 2007); *Williams v. Bd. of Cnty. Comm'rs*, No. 98-2485, 2000 WL 133433, at *1 (D. Kan. Jan. 21, 2000) (holding that "personnel files and records are confidential in nature and that, in most circumstances, they should be protected from wide dissemination"). The Court finds that the parties have shown good cause for entry of a protective order regarding documents containing personal information.

The Court will separately enter a revised protective order.

IT IS SO ORDERED this 26th day of September, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE

2